NOT DESIGNATED FOR PUBLICATION

No. 128,023

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONALD L. BROWN II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; STACEY DONOVAN, judge. Submitted without oral argument. Opinion filed July 24, 2026. Affirmed.

*Jessica R. Kunen*, of Lawrence, for appellant.

*Jon Simpson*, senior assistant district attorney, *Dakota Loomis*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., COBLE and PICKERING, JJ.

PER CURIAM: Donald L. Brown II appeals from the district court's summary denial of his successive and untimely K.S.A. 60-1507 motion, claiming: (1) the district court erred when it did not order a competency evaluation before his plea entry; (2) he suffered from diminished capacity at plea entry; (3) defense counsel's preliminary hearing waiver amounted to a structural error; and (4) he was actually innocent of the crimes he pled to. After review, we find Brown failed to show exceptional circumstances or manifest injustice excusing his successive and untimely K.S.A. 60-1507 motion, and res judicata bars Brown from relief. Thus, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

A full factual recital of the history of Brown's crimes is unnecessary. Relevant to this appeal, Brown pled guilty to and was convicted of eight counts of sexual abuse of two children under the age of 14. Brown was sentenced to eight life sentences with a mandatory minimum of 25 years' imprisonment—with two of the sentences to run consecutive and six to run concurrent. *State v. Brown*, No. 109,417, 2014 WL 1193422, at *1-2 (Kan. App. 2014) (unpublished opinion) (*Brown I*).

After he was sentenced, Brown moved to withdraw his guilty pleas, claiming ineffective assistance of counsel. The district court denied Brown's motion, and Brown appealed. Another panel of this court affirmed the district court's denial. 2014 WL 1193422, at *6.

In September 2015, Brown filed a K.S.A. 60-1507 motion, claiming ineffective assistance of trial counsel, ineffective assistance of counsel at his plea withdrawal hearing, ineffective assistance of appellate counsel, and failure of the district court to accept his initial plea. The district court summarily denied Brown's K.S.A. 60-1507 motion. Brown appealed, and another panel of this court affirmed the district court. *Brown v. State*, No. 116,744, 2017 WL 4455306, at *14 (Kan. App. 2017) (unpublished opinion) (*Brown II*).

In September 2021, Brown filed a pro se motion of proclamation of innocence, claiming: (1) the district court erred when it did not order a competency evaluation before Brown's plea entry; (2) he suffered from diminished capacity at plea entry; (3) defense counsel's preliminary hearing waiver amounted to a structural error establishing manifest injustice; and (4) he was actually innocent of the crimes he pleaded to.

In August 2023, the district court summarily denied Brown's motion because: 1) Brown had previously raised the competency evaluation issue, which was unsuccessful at the district court and later affirmed by a panel of this court; (2) he waived his right to a preliminary hearing; and (3) he failed to provide any reasons for his actual innocence claim and he admitted to and accepted responsibility for his crimes at the sentencing hearing, so a reasonable juror could have convicted him. The district court added that Brown's actual innocence claim was an attempt "to avoid being procedurally barred from a third successive attempt to withdraw his plea." The district court did not specify whether it construed Brown's motion as a K.S.A. 60-1507 or a K.S.A. 22-3210 motion to withdraw plea.

Brown appealed.

ANALYSIS

As a preliminary matter, the State argues Brown's motion could be construed as a hybrid of both K.S.A. 22-3210 and K.S.A. 60-1507. The district court's summary dismissal did not clarify whether it treated Brown's motion as a K.S.A. 22-3210 motion or a K.S.A. 60-1507 motion. "Courts are to interpret pro se pleadings based upon their contents and not solely on their title or labels. In construing pro se postconviction motions a court should consider the relief requested, rather than a formulaic adherence to pleading requirements. [Citation omitted.]" *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019).

Here, Brown's motion did not allege excusable neglect to extend the time limitation for a motion to withdraw a plea as required by K.S.A. 22-3210(e)(2). Further, Brown's appellate brief applies the standard of review for summary denial of a K.S.A. 60-1507 motion and K.S.A. 60-1507 motion precedent. Therefore, we will construe Brown's appeal as an appeal of the summary denial of a K.S.A. 60-1507 motion.

*Standard of Review*

"'When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief.' [Citation omitted.]" *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019).

*Brown's Claims Are Successive and Untimely*

Brown argues that, under K.S.A. 60-1507(f)(2), the district court should have extended the time limitation to prevent a manifest injustice because he claims actual innocence. Brown asserts that his competency claim is "not successive, is supported by facts, and has merit." However, he does not support this conclusion with any authority or arguments.

In response, the State argues that Brown's motion is untimely and successive. And the State contends Brown has not established manifest injustice, exceptional circumstances, or excusable neglect to overcome these procedural issues.

Under K.S.A. 2021 Supp. 60-1507(f)(1)(A), a movant must bring a K.S.A. 60-1507 action within one year of, in relevant part, "[t]he final order of the last appellate court in this state to exercise jurisdiction . . . ." The one-year time limitation for bringing an action under K.S.A. 2021 Supp. 60-1507(f)(1) may be extended by the district court only to prevent a manifest injustice. K.S.A. 2021 Supp. 60-1507(f)(2). The court's manifest injustice inquiry is limited to determining why the movant failed to file within the time limitation or if the movant makes a colorable claim of actual innocence, meaning the movant must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2021 Supp. 60-1507(f)(2)(A).

Further, "under K.S.A. 2020 Supp. 60-1507(c), district courts need not consider more than one habeas motion seeking similar relief filed by the same prisoner." *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022); see Supreme Court Rule 183(d) (2026 Kan. S. Ct. R. at 241). "[A] movant is presumed to have listed all grounds for relief in [an] initial K.S.A. 60-1507 motion [and] must show exceptional circumstances to justify the filing of a successive motion." *Mitchell*, 315 Kan. at 160. "Exceptional circumstances include 'unusual events or intervening changes in the law which prevent[ed] a movant from reasonably [raising the issue] in the first postconviction proceeding.'" 315 Kan. at 160.

Brown's present claims are the same issues he has raised previously. In *Brown I*, Brown argued "his learning disability prevented him from understanding the plea advisory he signed." 2014 WL 1193422, at *2. He also argued that defense counsel: (1) misled him about the DNA evidence, (2) told him he would receive only a 25-year imprisonment sentence, and (3) refused to take the case to trial, and thus defense counsel coerced him into entering the plea. In *Brown II*, Brown claimed that defense counsel was ineffective because defense counsel "'wholly failed to subject the [S]tate's case to a meaningful adversarial testing'" at Brown's arraignment. 2017 WL 4455306, at *13.

Brown argues that the district court should have ordered a competency hearing; he did not enter the plea knowingly and voluntarily because plea counsel waived his right to a preliminary hearing, which prevented him from knowing the evidence against him; and he is actually innocent because his confession was the result of coercion from the police, his pastor, and his counsel telling him the court would be more sympathetic if he admitted guilt. These claims are all derivative of, or similar to, the claims Brown has previously raised. Even if Brown's claims are new, he makes no argument for why he did not raise these claims in his previous K.S.A. 60-1507 motion.

Brown fails to assert or show any exceptional circumstances justifying this successive motion. A colorable actual innocence claim could be an exceptional circumstance, but Brown provides no new evidence to prove his actual innocence claim. See *Beauclair v. State*, 308 Kan. 284, 304-05, 419 P.3d 1180 (2018). Brown's guilty plea is a legal admission of guilt, and he cannot use an actual innocence claim to have his successive and untimely K.S.A. 60-1507 motion heard. See 308 Kan. at 294-95. And Brown does not show that an unusual event or intervening change in the law prevented him from raising these issues in a prior K.S.A. 60-1507 motion. See *Mitchell*, 315 Kan. at 160.

Brown's claims are also untimely. The mandate for his direct appeal issued on March 13, 2015. Yet he filed his motion outside the one-year March 2016 deadline. See K.S.A. 2021 Supp. 60-1507(f)(1)(A). That is, the motion was filed more than a year after Brown's direct appeal or the termination of such appellate jurisdiction. The motion is thus untimely. His failure, as noted above, to demonstrate an actual innocence claim likewise prevents us from finding a manifest injustice and excusing the procedural bar. See *Beauclair,* 308 Kan. at 285. The district court thus did not err when it denied Brown's motion as successive and untimely.

*Res Judicata Also Bars Brown from Relief*

Whether the res judicata doctrine applies in a certain case is an issue of law over which appellate courts exercise unlimited review. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019). Courts will invoke res judicata to bar a successive suit where the following requirements are met: "'(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits.'" *State v. Bailey*, 315 Kan. 794, 799-800, 510 P.3d 1160 (2022).

Brown argues that the district court violated his due process rights when it did not order a competency evaluation before he pled guilty, he was not competent to enter the plea, and a retrospective competency hearing is necessary to determine his competency. He also contends that his trial counsel coerced him into pleading guilty and committed errors that "amounted to manifest injustice because he did not have a preliminary hearing which would have enabled the defendant 'to adjudge for himself which way he wanted to proceed.'"

The State claims that res judicata applies. That is, Brown's motion of proclamation of innocence seeks the same relief—invalidation of his guilty pleas—that he has failed to obtain in prior proceedings.

When applying res judicata, a court should evaluate the substance of the actions and not their procedural form. Under the res judicata doctrine: "'[W]here an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.'" *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014). Res judicata's fundamental purpose is to "'avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts.' [Citations omitted.]" *Bailey*, 315 Kan. at 802.

In this case, the substance of Brown's claims has all been litigated previously. On the competency issue, Brown argued in his original motion to withdraw plea that "his learning disability prevented him from understanding the plea advisory he signed." *Brown I*, 2014 WL 1193422, at *2. And Brown argued the importance of his postplea psychological results and defense counsel's preplea investigation. 2014 WL 1193422, at *4. The *Brown I* panel affirmed the district court's denial of Brown's motion to withdraw

7

plea, although it did not address specifically Brown's competency argument. 2014 WL 1193422, at *6.

At Brown's motion to withdraw plea hearing, the district court addressed the competency issue and found that, at the plea hearing, "Mr. Brown indicated he had two years of college and was 33 years old. He advised the court that he had reviewed the Plea Advisory and that he initialed the various lines to signify he understood those sentences." "[R]es judicata prevents an individual from splitting a single issue into multiple lawsuits." *Woods v. State*, 52 Kan. App. 2d 958, 964, 379 P.3d 1134 (2016). Res judicata bars Brown from raising the competency issue again.

Likewise, Brown cannot raise the preliminary hearing issue. In *Brown II*, Brown argued that "his trial counsel 'wholly failed to subject the [S]tate's case to a meaningful adversarial testing, under [*United States v.*] *Cronic*[, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984)].'" 2017 WL 4455306, at *12. Brown's present argument is that defense counsel's waiver of the preliminary hearing denied him the right to understand the charges against him. This argument has already been ruled on.

Even if Brown did not present these arguments in the prior proceedings, he waived them when he failed to present them. See *Kingsley*, 299 Kan. at 901. In Brown's first K.S.A. 60-1507 motion, he could have argued that trial counsel coerced him into pleading guilty at his arraignment. Instead, he argued that the district court erred when it rejected his guilty plea at arraignment. *Brown II*, 2017 WL 4455306, at *8. Initially, Brown sought the benefit of defense counsel's waiver of the preliminary hearing so that "he could raise a multiplicity argument at sentencing" and because "the charging document failed to allege Brown's age, which would have precluded the imposition of Jessica's Law at sentencing." 2017 WL 4455306, at *10. Now, Brown argues defense counsel coerced him into waiving the preliminary hearing and entering the plea. Although Brown presents a slightly different argument, he should be barred from raising

issues with the preliminary hearing because he waived his right to the preliminary hearing for strategic purposes.

Brown is the same party, alleging the same claims that were either actually raised or could have been raised in his direct appeal or his first K.S.A. 60-1507 motion, and there was a final judgment on the merits. See *Bailey*, 315 Kan. at 799-800. Res judicata bars Brown's claims, and we affirm the district court.

Affirmed.